108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia A. LASTER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 97-3057.
 United States Court of Appeals, Federal Circuit.
 March 10, 1997
 
 MICHEL, Circuit Judge.
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 
 
 1
 Patricia A. Laster seeks review of the October 7, 1996, decision of the Merit Systems Protection Board ("Board") which affirmed her reduction in pay and grade from the position of Supervisor of Customer Services to Part Time Flexible Clerk for the United States Postal Service ("Agency"). Docket Number AT-0752-95-0785-I-2. The March 16, 1996, initial decision of the Administrative Judge ("AJ") became final when the full Board denied her petition for review. The appeal was submitted for our decision March 5, 1997. Because the findings of the AJ were supported by substantial evidence, we affirm.
 
 
 2
 Laster was reduced in pay and grade based on events arising from an altercation on January 25, 1995, between Laster and Michael L. Brown, Sr., her immediate supervisor. During the altercation, angry words were exchanged, and Brown pushed a cart toward Laster. The cart touched Laster, but there is some dispute over whether that touching was intended by Brown. Laster called in the police and spent some amount of time during working hours the next evening discussing her complaint with the investigating officer and accompanying him while he conducted his investigation.
 
 
 3
 The AJ sustained two of the charges brought by the Agency: 1) failure to follow policies/procedures to address situations involving fights, threats and assaults; and 2) attempting to have a witness change his statement. Laster challenges only the sustaining of the second charge.
 
 
 4
 We may reverse a decision of the Board only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986). Furthermore, credibility determinations of the Board are virtually unreviewable. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 5
 Laster's appeal of the AJ's decision that she had attempted to have a witness alter his statement is based solely on a disagreement with the AJ's determination of the facts. Jerry Dobson, the witness at issue and a subordinate of Laster, submitted a statement that Laster had told him on January 27, 1995, that there was a difference between what Dobson had reported and what had actually happened. Dobson testified that Laster told him to make a statement that Brown cursed at Laster and ran over her foot with the cart. Laster claims that she was only encouraging Dobson to tell the truth. The AJ found Dobson's testimony more credible. Given the high degree of deference we owe to credibility determinations, we hold that the factual findings were supported by substantial evidence and therefore affirm.